UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| CHRISTINA R. CALVERT and<br>CHARLES B. JOHNSON, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 3: 20-81-DCR |
| V. | ) ) | |
| FRANKLIN COUNTY SHERIFF'S<br>DEPARTMENT, et al., | ) ) ) | **MEMORANDUM OPINION<br>AND ORDER** |
| Defendants. | ) ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

On October 16, 2020, Plaintiffs Christina Calvert and Charles Johnson filed suit in the Circuit Court of Franklin County, Kentucky. [Record No. 1-1] The Defendants – Frankfort Police Officer Larry Curtis, the Frankfort Police Department, Franklin County Sheriff's Deputy Christopher Eaton, and the Franklin County Sheriff's Department – were served with process on or about December 9, 2020. [Record No. 1-2] The action was timely removed to this Court twenty days later. [Record No. 1]

Through counsel, the various Defendants filed separate motions to dismiss the Complaint. [Record Nos. 6, 7] Acting *sua sponte*, the Court extended the *pro se* Plaintiffs' deadline to file a response to February 10, 2021. [Record No. 8] The extended deadline has come and gone without a response from the Plaintiffs. The Court's prior Order expressly cautioned the Plaintiffs that if they did not file a timely response to the Defendants' motions, the Court may dismiss their case for failure to prosecute pursuant to Rule 41(b) of the Federal

Rules of Civil Procedure.  *Bowles v. City of Cleveland*, 129 F. App'x 239, 241-42 (6th Cir. 2005).  And when deciding whether dismissal is warranted, courts may consider:

(1) whether the party's failure is due to willfulness, bad faith, or fault;

(2) whether the adversary was prejudiced by the dismissed party's conduct;

(3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and

(4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

With respect to the first and third factors listed above, a party's failure to act in the face of a clear prior warning from the court that the case would be dismissed is a strong indication of willful noncompliance.  *Lovejoy v. Owens*, 19 F.3d 1433, 1994 WL 91814, at *2 (6th Cir. 1994) (unpublished table decision) (*citing Harris v. Callwood*, 844 F. 2d 1254, 1256 (6th Cir. 1988)).  Accordingly, dismissal is generally warranted under such circumstances. *Bowles*, 129 F. App'x at 244.  Here the Plaintiffs failed to comply with the Court's Order directing them to file a response to Defendants' motions, despite the Court's clear warning that their failure to do so could result in dismissal of the case.  Considering all of the applicable factors, the Court concludes that dismissal of the Plaintiffs' Complaint, without prejudice, is warranted.  *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (a *pro se* litigant is not afforded special consideration for failure to follow readily comprehended court orders).

The Court also notes that, were it to address the merits of the Defendants' motions, dismissal also appears to be warranted.  Because the Plaintiffs did not respond to the dispositive motions, the Court would treat their silence as a concession that the defendants'

characterization of the evidence is correct when deciding the motions. *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 404, 410 (6th Cir. 1992). In their Complaint, the Plaintiffs alleged that Johnson has an established history of mental illness, and that on October 6, 2019, he had a delusional episode and was behaving erratically. Police were called twice on the same day, but Plaintiffs allege that neither Christopher Eaton of the Franklin Co. Sheriff's Department nor Officer Curtis of the Frankfort Police Department took Johnson into custody to place him on a 72-hour psychiatric hold. On October 15, 2019, Johnson attacked Plaintiff Calvert, his mother, which Plaintiffs allege was caused by the failure of the Defendants to have him taken into custody nine days before.[1] [Record No. 1-1 at 2-4]

The statute of limitations for civil rights claims arising in Kentucky is one year. *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). The Plaintiffs' claims accrued on October 6, 2019, when Johnson's episode occurred and the police did not take him into custody despite requests by both Johnson and Calvert to do so. *Estate of Abdullah ex rel. Carswell v. Arena*, 601 F. App'x 389, 393-94 (6th Cir. 2015) ("Once the plaintiff knows he has been hurt and who has inflicted the injury, the claim accrues.") (internal quotation marks omitted) (citing *United States v. Kubrick*, 444 U.S. 111, 122 (1979)). The Plaintiffs did not file suit until one year and ten days later, outside the limitations period. [Record No. 6-1 at 3-4] The Plaintiffs'

---

[1] Johnson would later plead guilty to criminal charges including second degree disorderly conduct and second degree assault, and a 10-year suspended sentence was imposed. See https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=037&court=1&division=CI&caseNumber=19-CR-00334&caseTypeCode=CR&client_id=0 (visited on February 25, 2021). Nonetheless, Defendants do not assert that the Plaintiffs' claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

claims, therefore, are subject to dismissal as time barred. *Dellis v. Corr. Corp. of Am.,* 257 F.3d 508, 511 (6th Cir. 2001). Accordingly, it is hereby

**ORDERED** as follows:

1. The Complaint filed by Plaintiffs Christina Calvert and Charles Johnson [Record No. 1-1] is **DISMISSED** without prejudice for failure to prosecute and failure to comply with an Order of the Court.

2. The motions to dismiss filed by Defendants Franklin County Sheriff's Deputy Christopher Eaton and the Franklin County Sheriff's Department [Record No. 6] and Frankfort Police Officer Larry Curtis and the Frankfort Police Department [Record No. 7] are **DENIED** as moot.

3. This matter is **DISMISSED** and **STRICKEN** from the docket.

Dated: February 26, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky